UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL COLES,

     Plaintiff,

-vs.-


TRANS UNION, LLC,
a Delaware limited liability company,
EQUIFAX INFORAMATION SERVICES, LLC.,
a Georgia limited liability company,
EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation,
AMERICREDIT FINANCIAL SERVICES, INC.
d/b/a GM FINANCIAL, a foreign corporation, and
HEIDEBREICHT, INC.
a Michigan corporation,
jointly and severally,

     Defendants.
_____/


## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, PAUL COLES, THROUGH**

**COUNSEL, CREDIT REPAIR LAWYERS OF AMERICA, BY CARL**

**SCHWARTZ**, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq.* [hereinafter "FCRA"]).

## VENUE

3.  The transactions and occurrences which give rise to this action occurred in the Township of Macomb, Macomb County, Michigan.

4.  Venue is proper in the Eastern District of Michigan, Southern Division.

## PARTIES

5.  Plaintiff is a natural person residing in the Township of Macomb, Macomb County, Michigan.

6.  The Defendants to this lawsuit are:

   a.  Trans Union, LLC, ("Trans Union") which is a Delaware limited liability company that conducts business in the State of Michigan;

   b.  Equifax Information Services, LLC, (Equifax") which is a Georgia limited liability company that conducts business in the state of Michigan;

   c.   Experian Information Solutions, Inc., ("Experian") which is an Ohio corporation that conducts business in Michigan;

   d.  AmeriCredit Financial Services, Inc. d/b/a GM Financial ("GM Financial") is a foreign corporation that conducts business in the County of Macomb, State of Michigan; and

     e.  Heidebrecht, Inc., is a Michigan corporation that conducts business in the State of Michigan.

## **GENERAL ALLEGATIONS**

7.  Heidebrecht, Inc. ("Heidebrecht") owns a car dealership in Macomb County, Michigan.

8.  On or about May 18, 2020, Plaintiff and his wife, Yvonne Coles visited Defendant Heidebrecht to trade in their Chevrolet Traverse for a Tahoe.

9.  Plaintiff, in fact, trade in his old car for the new Yukon and as part of that transaction, Heidebrecht agreed to pay off the Plaintiff remaining balance of $387.91 that was owed to GM Financial.

10. DB obtained a pay off statement from GM Financial on this day and learned that Plaintiff owed a singular payment of $387.91 to GM Financial and that that payment was due on May 21, 2020.

11. On May 20, 2020, DB cut a check and transmitted it to GM Financial.

12. Unfortunately for the Plaintiff, that check was not negotiated until June 2, 2020, causing the Plaintiff the be reported as late on his obligation to GM Financial.

13. Plaintiff has stellar credit and has never been late with this obligation.

14. Causing further damage to the Plaintiff, he and his wife were in the middle of refinancing their home.  This singular late item on their credit report caused his credit score to drop to the point where the closing on their refinance was delayed.  When the refinancing finally closed, the Plaintiff was charged an additional $1,800 in points as his credit score had dropped solely due to this late payment reported on his credit reports.

15. However, prior to closing on his home refinance, Plaintiff contacted GM Financial by telephone.  The people he spoke with had no knowledge of the late payment even though it was clearly reporting on his credit report.

16. He tried his best to get the customer service representatives at GM Financial to address and remove the late payment, but they would not budge.

17. GM Financial is now inaccurately reporting its Tradelines ("Errant Tradelines") on Plaintiff's Trans Union, Equifax, and Experian (the "CRAs") credit disclosures with erroneous late payment remark on the Plaintiff's credit reports with the co defendants in this case.

18. The auto lease account reflected by the Errant Tradelines is false as Heidebreicht paid off this tradeline in May 2020.

8. The Errant Tradelines should be reported by GM Financial without any late payment remarks and derogatory status.

9.  On October 27, 2020, Plaintiff obtained his credit disclosure from CRAs and noticed the Errant Tradelines reporting erroneous late payment remarks and a derogatory status.

11. On or about November 18, 2020, Plaintiff, submitted a letter to the CRAs disputing the Errant Tradelines.

12. In his dispute letter, Plaintiff explained that the auto lease account reflected by the Errant Tradelines was paid off by Heidebreicht Chevrolet in May 2020.  Plaintiff attached a letter from Heidebreicht Chevrolet to his dispute letter wherein Heidebreicht Chevrolet confirmed sending a check dated May 20, 2020 which cleared on June 2, 2020.   Heidebreicht Chevrolet explained in its letter that Plaintiff had no responsibility for any late payments. Plaintiff asked CRAs to remove the erroneous late payment remark on his credit report and report this as a positive tradeline.

13. The CRAs forwarded Plaintiff's consumer dispute to GM Financial.

14. GM Financial received Plaintiff's consumer dispute from the CRAs.

15. In response to Plaintiff's dispute, GM Financial incorrectly verified to CRAs its reporting of its Errant Tradelines as accurate.

13. On or about December 18, 2020, Plaintiff received Trans Union's investigation results, which showed that Trans Union failed or refused to

remove the erroneous late payment remark on the Errant Tradeline and report this as a positive tradeline.

14. On or about January 19, 2021, Plaintiff obtained his credit disclosures from the CRAs. The disclosures showed that the CRAs and GM Financial failed or refused to remove the erroneous late payment remark on the Errant Tradelines and report the Errant Tradelines as a positive tradeline.

15. Plaintiff had a very good credit score until it was blemished by the Defendants. He takes his financial responsibilities very seriously.

16. The Errant Tradelines are wrong and they do not properly reflect the Plaintiff's payment history with GM Financial. It is misleading to any user of his credit report who sees his tradeline or who obtains his credit score that is based on this tradeline.

17. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages.

18. Plaintiff is a brittle Diabetic who has had his sugar scores aggravated an catapulted into the stratosphere because the Defendant's willful and/or negligent acts. Plaintiff has lost sleep and gained substantial weight due to his nervous condition created and/or aggravated by the Defendant's dereliction of their duties.

19. Plaintiff has also experienced undue stress and anxiety due to Defendants' actions and or inactions for duties that they owed to him which has caused him to pay more for closing costs on the refinance of his home, and time lost from work.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GM FINANCIAL

20. Plaintiff realleges the above paragraphs as if recited verbatim.

21. After being informed by the CRAs of Plaintiff's consumer dispute of the erroneous late payment remark, GM Financial negligently failed to conduct a proper reinvestigation of Plaintiff's dispute as required by 15 U.S.C. § 1681s-2(b).

22. GM Financial negligently failed to review all relevant information available to it and provided by the CRAs in conducting its reinvestigation as required by 15 U.S.C. § 1681s-2(b). Specifically, it failed to direct the CRAs to remove erroneous late payment remark on the Errant Tradelines and report this as a positive tradeline.

23. The Errant Tradelines are inaccurate and creating a misleading impression on Plaintiff's consumer credit file with the CRAs to which it is reporting such tradelines.

24. As a direct and proximate cause of GM Financial's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

25. GM Financial is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

26. Plaintiff has a private right of action to assert claims against GM Financial arising under 15 U.S.C. § 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant GM Financial for damages, costs, interest, and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GM FINANCIAL

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. After being informed by the CRAs that Plaintiff disputed the accuracy of the information it was providing, GM Financial willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

29. GM Financial willfully failed to review all relevant information available to

it and provided by the CRAs as required by 15 U.S.C. § 1681s-2(b).

30. As a direct and proximate cause of GM Financial's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

31. GM Financial is liable to Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant GM Financial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

32. Plaintiff realleges the above paragraphs as if recited verbatim.

33. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

34. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

35. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

36. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

37. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

38. TransUnion is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

39. Plaintiff realleges the above paragraphs as if recited verbatim.

40. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

41. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

42. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

43. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

44. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

45. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

46. Plaintiff realleges the above paragraphs as if recited verbatim.

47. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

48. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

49. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

50. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

51. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

52. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

53. Plaintiff realleges the above paragraphs as if recited verbatim.

54. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

55. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

56. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

57. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

58. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

59. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT VII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

60. Plaintiff realleges the above paragraphs as if recited verbatim.

61. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

62. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

63. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

64. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

65. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

66. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

67. Plaintiff realleges the above paragraphs as if recited verbatim.

68. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

69. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

70. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

71. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

72. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

73. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## COUNT IX

## BREACH OF CONTRACT – HEIDEBREICHT

74. Plaintiff realleges the above paragraphs as if recited verbatim.

75. In their transaction, DB owed Plaintiff a duty to timely pay off his auto loan as part of their agreement.

76. DB was well aware of when, where and how to make that final payment due to General Motors Financial.  After all, it knew how to get a pay off letter from this defendant and in fact, did so.

77. DB breached the agreement between the parties by failing to timely submit the payment due on behalf of Plaintiffs to its creditor,  GM Financial.

78. As a direct and proximate cause of DB's breach of contract, Plaintiff has been damaged including his credit score and has been forced to pay additional closing costs.  His ability to obtain credit on the most favorable terms has been compromised, if not obliterated by DB's breach of contract.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants him a judgment against Defendant DB damages along with costs, interest, and reasonable attorneys' fees.

## COUNT X

## NEGLIGENCE – HEIDEBREICHT

79.   Plaintiff realleges the above paragraphs as if recited verbatim.

80. DB, in the ordinary course of its business, obtains credit reports on consumers and knows or should well know what factors effect consumer consumers scores.

81. FICO, for instances, counts timely made payments as 35% of the factor that it uses to calculate credit scores.

82. DB knew what Plaintiff's consumer credit score was at the time of the transaction as it obtained his consumer credit file prior to engaging in the

83. DB owed the Plaintiff a duty to not damage his credit standing while engaging in a credit transaction.  DB owed Plaintiff a duty of reasonable care or more as it was in a special position to know what would happen to the Plaintiff as well as any other consumer with whom it transacts business, if DB assumes to pay off a consumer's obligation.

84. DB breached its duties to Plaintiff, causing Plaintiff emotional, financial and credit damages.

85. As a direct and proximate case of DB's breach of its duties to Plaintiff, Plaintiff has suffered emotional, financial and credit damages as articulated above.

**WHEREFORE, PLAINTIFF PRAYS** that this court order DB to pay Plaintiff damages for physical, emotional, and financial suffering, plus costs of this action and attorneys fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

March 12, 2021          /s/ Carl Schwartz
                        CARL SCHWARTZ (P70335)
                        GARY A. HANSZ (P44956)
                        CREDIT REPAIR LAWYERS OF AMERICA
                        Attorneys for Plaintiff
                        22142 West Nine Mile Road
                        Southfield, MI 48033
                        (248) 353-2882
                        Fax (248) 353-4840
                        Email – Carl@crlam.com