UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL COLES,

                      Plaintiff,

v.

TRANS UNION LLC, et al.,

                      Defendants.

                            /

Case No. 2:21-cv-10559

HONORABLE STEPHEN J. MURPHY, III

**ORDER DENYING
MOTION TO EXTEND SCHEDULING
ORDER [47] AND ADMINISTRATIVELY CLOSING THE CASE**

After the death of Plaintiff Paul Coles, his widow, Yvonne Coles has struggled to be appointed as personal representative of his estate. ECF 46, PgID 286–87; ECF 47, PgID 297–99. To date, no party has been appointed as a personal representative of Plaintiff's estate and no party has moved to intervene under Federal Rule of Civil Procedure 24 or to be substituted as the plaintiff under Rule 25. In other words, since Plaintiff's death, no one in the present case has had the power to make legal decisions on Plaintiff's behalf.

Plaintiff's counsel recently moved to extend the scheduling order. ECF 47. The Court must deny the motion because Plaintiff's counsel unilaterally acted without consent of Plaintiff's estate. *See Atkins v. City of Chi.*, 547 F.3d 869, 872 (7th Cir. 2008).

To protect the interests of Plaintiff's estate, the Court will therefore stay and administratively close the case. These actions will preserve the status quo of the

1

present litigation until Plaintiff's probate issues are settled. Once Plaintiff's estate has an appointed personal representative, the representative may move to reopen the case and be substituted as the plaintiff. When the representative moves to reopen the case, the representative must show cause about whether there is still a case and controversy before the Court in light of Plaintiff's death. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). The representative must specifically explain what damages are available to redress the alleged injury given Plaintiff's death. *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) ("Requiring a plaintiff to demonstrate a concrete and particularized injury caused by the defendant and redressable by the court ensures that federal courts decide only the rights of individuals, and that federal courts exercise their proper function in a limited and separated government.") (internal quotation marks and quotations omitted); *see* ECF 46, PgID 288 (citing *Parchman v. SLM Corp.*, 896 F.3d 728, 738 (6th Cir. 2018)).

In all, until Plaintiff's estate issues are resolved, the Court will not adjudicate the estate's rights. Once an estate representative is appointed and moves to reopen the case, the Court will schedule a Rule 16 conference and set a new scheduling order.

**WHEREFORE**, it is hereby **ORDERED** that motion to extend the scheduling order [47] is **DENIED**.

**IT IS FURTHER ORDERED** that the case is **STAYED** and **ADMINISTRATIVELY CLOSED**.

**IT IS FURTHER ORDERED** that the case can be **REOPENED** on motion of Plaintiff's appointed estate representative. A motion to reopen the case must be **FILED** within **SIXTY DAYS** after the appointment of an estate representative.

**IT IS FURTHER ORDERED** that when moving to reopen the case, Plaintiff's estate representative must **SHOW CAUSE** about whether there is a case and controversy as described above.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 14, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 14, 2022, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager

3